IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHAD S. LOCKWOOD,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER SCHROEDER,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER TO DISMISS WITH PREJUDICE<br><br>Case Number 2:19-CV-551-TS-DBP<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Dustin B. Pead |

On August 2, 2019, Plaintiff filed this action against Defendant alleging violations of his civil rights under the Fourth Amendment and 42 U.S.C. § 1983. On January 22, 2020, the Court granted Defendant's Motion to Stay the proceedings until the resolution of the underlying criminal case in state court, which ultimately resolved in December 2022.[1] In response to an Order to Show Cause on February 10, 2023, Plaintiff's counsel explained that Plaintiff was unable to "pursue his case for several years due to him receiving multiple new criminal charges."[2] Plaintiff's counsel subsequently requested permission to withdraw.

On March 6, 2023, the Court issued an Order permitting Plaintiff's counsel to withdraw.[3] In that Order, the Court notified Plaintiff that he was required to either file a notice of pro se appearance or obtain new counsel within twenty-one days. The Court warned that failure to do so could result in sanctions, including dismissal. As of the date of this Order, Plaintiff has failed to comply. For the reasons discussed herein, the Court will dismiss the suit with prejudice.

---

[1] Docket No. 28, at 2.

[2] Docket No. 29, at 1.

[3] Docket No. 30.

1

Federal Rule of Civil Procedure 16(f)(1)(C) states that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a . . . pretrial order." Rule 37(b)(2)(A) provides for sanctions including "dismissing the action or proceeding in whole or in part" or "rendering a default judgment against the disobedient party."[4] "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules. Such sanctions may include dismissing the party's case with prejudice . . . ."[5]

When determining the proper sanction, a court must consider a number of factors, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[6]

"[D]ismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'"[7] "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."[8]

---

[4] Fed. R. Civ. P. 37(b)(2)(A)(ii)–(vii).

[5] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (citation omitted).

[6] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

[7] *Reed*, 312 F.3d at 1195 (quoting *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988)).

[8] *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

Furthermore, the factors are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction."[9] The Court will consider each factor below.

1. *Degree of actual prejudice to Defendants*

Plaintiff's failure to properly participate in this action has prejudiced the Defendant. Prejudice may be inferred from delay, uncertainty, and rising attorney's fees.[10] While little has happened during the pendency of this case, Defendant is due a resolution and endless delay by Plaintiff has "prolong[ed] . . . the substantial uncertainty faced by all parties pending litigation."[11] Thus, this factor weighs nominally in favor dismissal.

2. *Amount of interference with the judicial process*

Plaintiff's inaction has interfered with the judicial process, insofar as the Court has been unable to proceed with or resolve this case. Plaintiff has failed to appear or appoint counsel or respond to the Court's Order in any way. Further, Plaintiff has failed to prosecute his claims following the conclusion of his criminal case five months ago. This suggests that he has no intention to participate further in this matter. This factor, therefore, weighs in favor of dismissal.

---

[9] *Id.*; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in . . . what must always be a discretionary function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

[10] *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).

[11] *Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.,* 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (internal quotation marks and citation omitted).

*3. Litigant's culpability*

Plaintiff's culpability is evident in his failure to respond to the Court's Order. The Tenth Circuit has articulated that while dismissal is a "drastic sanction, it is appropriate in cases of willful misconduct."[12] "'[W]illful failure' [is] 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.'"[13] As noted, Plaintiff has failed to comply with this Court's Order to enter a pro se appearance or appoint counsel. The Court finds that this is an intentional failure. Thus, this factor weighs in favor of dismissal.

*4. Whether Court warned noncomplying litigant that dismissal was likely sanction*

The Court explicitly warned Plaintiff that his failure to obtain new counsel or file a notice of pro se appearance could result in dismissal. Plaintiff then failed to comply with the Order or respond to the Court's directive. Thus, this factor also weighs in favor of dismissal.

*5. Efficacy of lesser sanctions*

The Court concludes that any lesser sanctions would be inadequate. Plaintiff has failed to respond since his counsel was permitted to withdraw on March 6, 2023, and there is no indication that he intends to do so. This factor, again, weighs in favor of dismissal.

Considering all the factors above, the Court finds that dismissal is appropriate. It is therefore

ORDERED that this action is DISMISSED WITH PREJUDICE.

DATED this 23rd day of May, 2023.

---

[12] *Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 407 (10th Cir. 2002) (citing *Ehrenhaus*, 965 F.2d at 920).

[13] *Id.* (quoting *Sheftelman v. Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir. 1987)).

BY THE COURT:

_____
Ted Stewart
United States District Judge

5